IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | EP-11-CR-2651-PRM |
| | § | |
| ARTURO GARCIA, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION DENYING
## DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

On this day, the Court considers the above-captioned cause. On January 20, 2012, the Court accepted Defendant Arturo Garcia's (Defendant) guilty plea to possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 814(a)(1) (2006). Subsequently, the Court held a sentencing hearing in this case on April 26, 2012, ECF No. 42, in which it denied Defendant's objection to the career offender enhancement. The Court sentenced Defendant to a term of two-hundred and thirty-five months' imprisonment and ten years' supervised release. J. in a Criminal Case, Apr. 27, 2012, ECF No. 35. The Court now writes to explain the basis for denying Defendant's objection to the career offender enhancement.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 26, 2001, Defendant was convicted of possession of a controlled substance with intent to deliver in violation of Arkansas law. Presentence Investigation Report (PSR) 7, Mar. 13, 2011, ECF No. 25. The state court sentenced him to five years' probation, which probation was later revoked and a sentence of eighty-four months' imprisonment was imposed. *Id.* at 7-8.

On November 2, 2011, Defendant was indicted on a count of possession of a controlled substance with the intent to distribute. ECF No. 9. On March 27, 2012, Defendant entered

2

numerous objections to the PSR. Relevant to this Order is Defendant's objection that his Arkansas conviction "does not qualify as a controlled substance offense." Def.'s Objections 1, Apr. 19, 2012, ECF No. 29-4.

II. **DISCUSSION**

Defendant contends that his Arkansas conviction does not qualify as a controlled substance offense for purposes of the career offender enhancement. The United States Sentencing Guidelines (USSG) state that:

> a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a) (2011). The USSG further explain that:

> [t]he term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

§ 4B1.2(b). And, finally, the application note to § 4B1.2 states that a "'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* cmt. n.1.

Defendant contends that his Arkansas conviction "does not qualify as a controlled substance offense." Def.'s Objections 1. He avers that:

> [a]t the time of the offense, Arkansas Code of 1987 Annotated § 5-64-401(a) (1997) provided "it is unlawful for any person to . . . possess with intent to . . . deliver a controlled substance." The term "deliver" was separately defined as follows: "the actual, constructive, or attempted transfer from one (1) person to another of a controlled substance or counterfeit substance in exchange for money

3

or anything of value, whether or not there is an agency relationship." ARK. CODE ANN. § 5-64-101(t) ( 1997).

*Id.* at 1-2. He maintains that, in *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007), the Fifth Circuit considered a Texas statute and compared its provision punishing "possession with intent to deliver" with the USSG's definition of a controlled substance, which includes "possession with intent to distribute." *Id.* at 2. It concluded that the terms are equivalent by stating that "it is pure sophistry to distinguish between the conduct of one who possesses drugs with intent to deliver those drugs and one who possesses drugs with intent to distribute them." *Ford*, 509 F.3d at 717.

Yet, Defendant distinguishes the Arkansas statute at issue in his prior conviction from the statute in *Ford*. He asserts that "the Arkansas definition includes an 'attempted Transfer'" while *Ford*'s Texas "statute does not address conduct less than a complete transfer of a controlled substance." Def.'s Objections 2. Defendant concludes that the Arkansas statute encompasses conduct that is broader than that embraced by the Texas statute;[1] therefore, a conviction pursuant to the Texas statute qualifies as a predicate offense for the career offender enhancement, while a similar conviction pursuant to the Arkansas statute does not so qualify.

Unfortunately, Defendant's sophisticated reasoning belies the simplicity of the USSG's definition of a controlled substance offense. As quoted above, the USSG explains that a controlled substance offense includes "*attempting* to commit such an offense." USSG § 4B1.2 cmt. n.1 (emphasis added). Therefore, the USSG encompasses an attempted

---

[1] This conclusion stands on infirm ground given that Texas law provides that "[a] person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PENAL CODE ANN. § 15.01 (West 1994).

4

transfer, just as does the Arkansas statute. As well, while the Fifth Circuit has yet to consider the same Arkansas statute, the Eighth Circuit did consider it and concluded that offenses committed pursuant to it qualify as predicate offenses for the career offender enhancement. *United States v. Rasool*, 283 F. App'x 418, 419 (8th Cir. 2008) ("We conclude that the district court . . . did not plainly err in its Guidelines calculations, including the section 4B1.1 career-offender enhancement based in part on Rasool's 1996 Arkansas drug conviction, and that the section 4B1.1 enhancement was proper."). For these reasons, the Court finds that Defendant's prior conviction qualifies as a controlled substance offense.

### III. CONCLUSION

Based on the foregoing analysis, the Court determined that Defendant's Arkansas conviction qualified as a prior controlled substance offense pursuant to the USSG. Accordingly, the Court denied Defendant's objection to the career offender enhancement.

SIGNED this 14 day of May, 2012.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE